Citation Nr: AXXXXXXXX
Decision Date: 06/29/21 Archive Date: 06/29/21

DOCKET NO. 210604-164254
DATE: June 29, 2021

REMANDED

The claim for rating higher than 10 percent for service-connected bilateral hearing loss is remanded.

REASONS FOR REMAND

The Veteran served on active duty from November 1956 to March 1960. 

This matter comes before the Board of Veterans' Appeals (Board) from an April 2021 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO). 

1. Entitlement for increase rating to service connection for bilateral hearing loss is remanded. 

This appeal is being reviewed under the Appeals Modernization Act (AMA), which has been in effect since February 2019. This law creates a new framework for Veterans dissatisfied with VA's decision on their claim to seek review.

The Veteran was issued an original rating decision on December 16, 2020. In January 2021, he requested Higher Level Review (HLR) of the evidence considered in that decision. Thereafter, in April 2021, the AOJ (agency of original jurisdiction) the HLR rating decision. In June 2021, the Veteran appealed to the Board, asking for direct review.

Under the AMA, the record closes as of the date of the decision on review. Here, that is December 16, 2020. Under the direct review option, no additional evidence received after the appealed rating decision is to be considered; rather, review is limited to the evidence on record at the time of the decision. The Board may not further develop the evidence except to the extent that it identifies an error in the duty to assist made prior to the issuance of the decision on appeal. 38 C.F.R. § 3.2601(g).

Here, the Veteran contends that his bilateral hearing loss should be at higher rating. See March 2020 Correspondence. 

After review of the record, the Board has identified an error made by the AOJ in developing this claim. An examination is necessary to decide this claim, which has not occurred. 38 C.F.R. § 3.159(c)(4). 

The record shows that he advised the AOJ, prior to the December 16, 2020, decision, that he was not able to travel to the East Orange, New Jersey VAMC to have his VA examination. He reported having anxiety and asked on two separate occasions for the examination to be scheduled at his local CBOC in Staten Island. Notes indicate that he did agree that a decision could be made on the record, but the record does not contain any hearing tests conducted during the period on appeal. It is not clear why the AOJ did not schedule the examination at the requested location, as the record shows he has been given audiology treatment there. Further, at the time of the decision, the Veteran was service connected for anxiety disorder at 70 percent. Given the Veteran's willingness to attend an examination, his multiple requests for the examination to be close to home, his service-connected anxiety, and an absence of evidence showing that scheduling the examination at the requested location is impossible, the Board finds it was error to not have obtained an updated VA examination. 

On remand, the AOJ must reasonably work with the Veteran to schedule an updated VA examination.

 

The matters are REMANDED for the following action:

Schedule the Veteran for an appropriate examination for a report on the current severity of his hearing loss. The AOJ should contact the Veteran to determine the locations he can get to and reasonably work to accommodate his needs; if his requested location is not possible, then the reason for that must be documented. The examiner is asked to conduct a thorough examination. All opinions are to be supported with explanation. 

 

 

Nathaniel J. Doan

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board J.G. Brooks

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.